LAURA B. McGUIRE, Respondent, *v.* RICHARD D. RICHARDS, Appellant.

*Agreement to pay over the amount realized by the sale of real estate, over a certain sum — effect of selling for other real estate instead of money.*

The defendant conveyed to the plaintiff a house and lot for the consideration of $9,000, which the plaintiff paid by giving the defendant $5,000 and conveying to him a house and lot designated as the Greenwood avenue property; simultaneously with these conveyances, the defendant executed and delivered to the plaintiff an agreement which provided that if upon the sale of the Greenwood avenue property the defendant realized more than $4,000, after deducting such repairs as he should put upon it, he would pay such surplus to the plaintiff. The defendant thereafter conveyed the Greenwood avenue property to a third party for the sum of $2,725 and a house and lot which the third party claimed was worth $2,000 The defendant, before thus conveying the Greenwood avenue property, expended on it $239.72 for repairs After this transaction, the plaintiff, insisting that the defendant had, in effect, sold the Greenwood avenue property for $4,725, claimed the excess over $4,000, after deducting the $239.72, namely $485.28, and, on the defendant's refusal to pay over that sum, brought an action against him therefor, in which the plaintiff recovered judgment for the amount claimed. While this action was pending, the defendant sold the house and lot, received from the third party, for $1,425.

*Held,* that the defendant was not authorized by his contract with the plaintiff to dispose of the Greenwood avenue property except for cash, and that when he conveyed it and took in part payment therefor another house and lot, without the plaintiff's knowledge or consent, he became liable to account to the plaintiff for the amount at which he agreed to receive such house and lot in the exchange;

That he was estopped from claiming that the transaction did not amount to a sale;

That he was required to account to the plaintiff for the proceeds of the sale in money, and, hence, that the plaintiff's judgment should be affirmed.

APPEAL by the defendant, Richard D. Richards, from a judgment of the County Court of Monroe county, entered in the office of the clerk of that county* on the 21st day of December, 1892, upon a verdict in favor of the plaintiff and from an order of that court denying the defendant's motion for a new trial made upon the judge's minutes.

The action was commenced in the Municipal Court of the city of Rochester, and the plaintiff having recovered a judgment in that court, the defendant appealed to the County Court, where a new trial was had.

FIFTH DEPARTMENT, JUNE TERM, 1893.    [Vol. 70.

*J. A. Stull,* for the appellant.

*Walter S. Hubbell,* for the respondent.

LEWIS, J. :

On the 1st day of June, 1892, the defendant conveyed to the plaintiff a house and lot situate on Harvard street in the city of Rochester for the consideration of $9,000. Plaintiff paid for the house and lot by conveying to the defendant a house and lot upon Greenwood avenue in the city of Rochester, and in addition thereto, paid the sum of $5,000. Simultaneously with the execution and delivery of said deeds, the defendant executed and delivered to the plaintiff his written agreement reciting that, whereas the defendant had sold to the plaintiff said house and lot for $9,000, and whereas the plaintiff had conveyed to Richards the Greenwood house and premises situate in the city of Rochester, the same making $4,000 of the purchase price of the house conveyed to the plaintiff, Richards agrees that if upon the sale of the Greenwood avenue property he shall realize a sum in excess of $4,000, after deducting such repairs as he shall put upon the premises, and the necessary expenses of the sale, that in that event he will pay such surplus to the plaintiff on demand. The defendant thereafter entered into negotiations with a Mrs. Fowler, and tried in good faith to sell her the Greenwood avenue property. His asking price was $5,000 cash. Mrs. Fowler refused to pay that for the property, and made it a condition of her purchasing the property that the defendant should take in part payment therefor a house and lot which she owned in the city of Rochester, upon Gregory street, and which she claimed was worth $2,000. The negotiations between the parties continued for a considerable time. The defendant offered to sell Mrs. Fowler the Greenwood avenue house and lot for her house and lot, and the sum of $3,500 in money. Mrs. Fowler offered to give her house and lot and the sum of $2,500 for the Greenwood avenue lot. They finally came to the agreement that the defendant would convey his house and lot to Mrs. Fowler for her lot and the sum of $2,725, and the trade was closed upon these terms. There was evidence tending to show that during the negotiations the plaintiff was informed thereof, and that the defendant was thinking of taking a house and lot in part payment for the premises ; but the

particulars were not communicated to the plaintiff, and the trade was finally made without her knowledge or consent. The defendant expended upon the Greenwood avenue property, before conveying to Mrs. Fowler, in the way of repairs and commissions, the sum of $239.72, and after making the trade he made a statement to the plaintiff of the particulars thereof, and the plaintiff thereupon insisted that the defendant had sold the property, and had received therefor the sum of $4,725, and claimed that after deducting therefrom the $239.72 there was due her $485.28, and demanded payment of that sum, which was refused; and she thereupon brought this action.    While it was pending, and before judgment, the defendant sold and conveyed the Gregory street lot for the sum of $1,425 cash.    The plaintiff recovered judgment against the defendant for damages, $498, together with costs.    The defendant was willing to sell the Greenwood avenue property for a less sum than he offered it to Mrs. Fowler, if he could not get his asking price of $5,000. Mrs. Fowler had purchased the Gregory street property but two or three days before the negotiations with the defendant commenced, and had paid therefor the sum of $2,000, and during all the negotiations insisted as a condition of the trade that the defendant should take it at that price; and there was evidence tending to show that it was accounted and taken at that figure by the defendant, although he did claim and stated to the agent who effected the sale, that he did not consider it worth $2,000.    The agent replied the important question was the amount he should receive in money as the difference between the two places, and not what Mrs. Fowler thought her place worth.

The written contract secured to the plaintiff a contingent, equitable interest in the Greenwood avenue property, and while the defendant did not by the terms of the contract expressly agree that he would sell the property, the parties obviously by their agreement contemplated that the property was to be sold by the defendant. The plaintiff could not in any other way realize anything from the property.    Whether the defendant could have refused to sell the property without a violation of his agreement is not necessary for us to decide, for he did not do so.    Having disposed of the property, his contract required that he should do so by a sale for cash unless the plaintiff consented to have it disposed of in some other

manner.    The time when the sale should occur, and the price at which it should be sold, were left in the discretion of the defendant. It was his duty, however, to sell it, and for the best price he could obtain for it; and if the amount received exceeded $4,000, and the cost of repairs and the expenses of the sale, the plaintiff was entitled to the surplus.    He was not authorized by the contract to exchange it for other property.    If it was to be disposed of in that manner the plaintiff was entitled to be consulted about the sale, and had the right to exercise her own judgment as to the value of any property which it was proposed to take in exchange for it, and the price at which it should be taken, and generally as to the advisability of exchanging it for other property at all.    She was willing to trust to the judgment of the defendant to sell the premises for money, but did not consent to abide by his judgment as to the value or salability of other real estate taken in exchange for it; and when the defendant conveyed the Greenwood avenue premises and took in part payment the Gregory street lot without plaintiff's knowledge or consent, he became liable to account to the plaintiff for the amount at which he agreed to receive it in exchange for the Greenwood avenue lot.    Whether defendant did before making the sale inform the plaintiff of the conditions of the sale and obtain her consent to the terms of the exchange, and whether he took the Gregory street property at the agreed price of $2,000, are questions which were properly submitted to the jury, and they upon evidence sustaining their verdict found both questions in favor of the plaintiff.    It is the contention of the defendant that the transaction amounted simply to an exchange of properties and not to a sale of the Greenwood property, and he refers to the definition of the word "sale" in the Century Dictionary and Bouvier's Law Dictionary. Whether these authorities sustain the defendant's contention may well be doubted; but we do not deem it important to decide the question, for we think the defendant should be held to be estopped from questioning that the transaction amounted to a sale.    He assumed to convey the title to the Greenwood avenue property to Mrs. Fowler, and must account for the proceeds of the sale in money.    If our views of the question presented by this appeal as stated are correct, it follows that the trial court properly disposed of the various requests to charge made by defendant's counsel.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., MACOMBER and HAIGHT, JJ., concurred.

Judgment and order of the County Court of Monroe county appealed from affirmed, with costs.